IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



CIVIL ACTION NO. 4:12cv53 HTW-LRA

| | |
|---|---|
| G.J.W. and A.J.W., Minors by and, through their parents, and Next friends, AMOS S. WATKINS, JR. and REBECCA WHITLEY WATKINS | **PLAINTIFFS** |
| **VERSUS** | |
| QUITMAN SCHOOL DISTRICT, and DR. SUZANNE CAROL HAWLEY, in Her Official Capacity as Superintendent of Quitman School District | **DEFENDANTS** |

## COMPLAINT

COMES NOW the Plaintiffs, G.J.W. and A.J.W., minors by and through their parents and next friends, AMOS S. WATKINS and REBECCA WHITLEY WATKINS, and file this Complaint against the Defendants, QUITMAN SCHOOL DISTRICT, and DR. SUZANNE HAWLEY, in her official capacity as Superintendent of Quitman School District, and in support of this cause of action would show the following:

### INTRODUCTION

1.  Plaintiffs, G.J.W. and A.J.W., are school-aged children with disabilities, eligible for special education and related services under the protection of the Individuals with Disabilities Education Improvement Act of 2004, "IDEA," 20 U.S.C. §§ 1400 et. Seq.; 34 C.F.R. §§ 300.1

1

et. seq. (2006). Defendant Quitman School District has breached their rights of participation, agreement and consent in the Individualized Education Plan ("IEP") process, attempting to unilaterally alter the agreed placement, services, and repeatedly denying Plaintiffs access to educational records. Plaintiffs exhausted their administrative remedies before a hearing officer, and bring this action seeking this Court's de novo review.

## PARTIES

2. Plaintiffs, G.J.W. and A.J.W., are minor resident citizens of Quitman, in Clarke County, Mississippi, and appear in this action by and through their legal and natural guardians, parents and next friends, AMOS S. WATKINS and REBECCA WHITLEY WATKINS.

3. Defendant, QUITMAN SCHOOL DISTRICT, is a school district duly constituted and operating under the laws of the State of Mississippi which may be served with this Complaint at the School District's Central Office located at 104 East Franklin Street, Quitman, MS 39355.

4. Defendant, DR. SUZANNE HAWLEY, is the Superintendent of Quitman School District, and being sued in her official capacity, may be served with this Complaint at the School District's Central Office located at 104 East Franklin Street, Quitman, MS 39355.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1331, as a federal question is at issue. This action is brought pursuant to the provisions of the Individuals with Disabilities Education Improvement Act of 2004, ("IDEA"), 20 U.S.C. §§ 1400 et. Seq.; 34 C.F.R. §§ 300.1 et. seq. (2006), and of the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

6. Plaintiffs are both students who have been identified as disabled within the meaning and contemplation of the term under 20 U. S. C. § 1401 (3)(A) and who have received, and continue to receive, special education and related services from the Quitman School District.

7. Venue is proper for this action in THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION wherein all of the Plaintiffs and Defendants are located or reside, in Quitman, Clarke County, Mississippi.

## FACTS

8. G.J.W. and A.J.W. are thirteen-year old twin brothers who have been students in the Quitman School District receiving Special Education and Special Educational Services from 2002 to the present. In August 2010, the students entered the sixth grade at Quitman Junior High School. Shortly thereafter, Defendants' called an Individualized Education Plan ("IEP") meeting, and subsequently filed a due process claim against the parents in response to the parents' administrative complaint filed with the Mississippi Department of Education on September 13, 2010. Seeking review of the hearing officer's decision on the procedural due process issues, Plaintiff G.J.W.'s filed a Federal complaint, and that civil action is currently pending in this court.[1]

9. The dispute between the parties continued to escalate and resulted in the Plaintiffs filing a due process complaint against the Defendants on July 30, 2011. A due process hearing was held

---

[1] *G.J.W. vs. Quitman School District*, Civil Action #: 4:11-cv-00040-HTW –LRA

over a series of dates— it began on September 27, 2011, and concluded on December 8, 2011. Both parties submitted their briefs and the hearing officer rendered his decision on January 6, 2012[2]. A copy of the hearing officer's decision is attached hereto as Exhibit "A" and incorporated herein by reference.

10. At the same time, the Mississippi Department of Education ("MDE") continued to investigate administrative complaints filed against the Quitman School District and has issued several letters of findings against the district. Two of MDE's letters of findings regarding the Defendants' failure to provide access to educational records are attached hereto as Exhibits "B" and "C", and incorporated herein by reference.

11. In rendering his decision, the hearing officer found that the Plaintiffs had not met their burden of proof on their claims, and further, the hearing officer held that although the Defendants had failed to provide all of the educational records, that the failure was harmless.

## STANDARD OF REVIEW

12. The legal determinations under the IDEA are before this Court on appeal in this civil action as a question of law, subject to legal *de novo* review. Although the hearing officer's findings are entitled to due weight, findings are not conclusive and this Court may take additional evidence and reach independent conclusion based on preponderance of the evidence.

---

[2] The hearing officer's *Memorandum Opinion and Order* contains a typographical err that incorrectly states the date as "January 6, 2011".

See, *Alvin Ind. School District v. A.D.*, 503 F.3d 378 (5th Cir. 2007), *Teague Ind. School District v. Todd*, 999 F.2d 127, 131 (5th Cir. 1993).

## CLAIM I

13. The hearing officer's findings were not supported as a matter a law, and/or he erred in his interpretation of applicable law in ruling for the District. More specifically, the hearing officer erred in his interpretation of applicable law when he found that despite the Defendants' failure to provide educational records as required by the IDEA and accompanying regulations that no harm resulted to Plaintiffs and their parents. The hearing officer's decision blatantly circumvents and undermines the clear rights and protections granted by the IDEA and FERPA. The Defendants repeated and persistent failure to provide access to all the boys' educational records effectively barred parental involvement in the IEP process and denied the children the benefit of the records resulting in harm to the boys. By denying the parents access to this information, the parents were unable to provide necessary information for the benefit of medical, psychological or psychiatric care, and as a result the boys suffered severe regression in the educational environment. In addition, the repeated and persistent failure to provide access to all the boys' educational records before, during, and after the due process hearing, interfered with and prohibited parents and their attorney from effectively representing the boys' interest at the due process hearing. This is a clear violation of IDEA and FERPA, and by its very nature cannot be "harmless". Many of the documents that the Defendants failed to provide were necessary supporting documentation for the Plaintiffs' witnesses and were necessary for effective cross-exam and impeach the Defendants' witnesses. This failure, therefore, undermined Parents efforts in presenting their case on all of their claims.

## CLAIM II

14.	The hearing officer's findings were not supported as a matter a law, and/or he erred in his interpretation of applicable law in ruling for the District. More specifically, the hearing officer erred in his interpretation of applicable law when he found that the Plaintiffs were not entitled to an Independent Educational Evaluation ("IEE") as set forth in the IDEA and accompanying regulations, 34 C.F.R. 300.502. Federal law defines an IEE broadly as "an evaluation conducted by a qualified examiner who is not employed by the public agency responsible for the education of the child in question." Thus, an IEE is not limited to evaluating only a child's academic or cognitive skills, but may include the evaluation of behavior or other matters related to the child's educational needs. Federal regulations require that parents and school personnel are to be equal participants in the development of a child's IEP and that the parents' participation in the IEP process must be meaningful. IEE are provided as support for the parents' opinion and input. The Defendants' refusal to grant an IEE, in effect, was a denial of equal and meaningful input from the parents in the IEP process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court receive the records of the administrative proceeding before the due process hearing officer; accept new documentary evidence to expand the record to include exhibits that were not available to the Plaintiffs prior to the five (5) day document exchange before the beginning of the due process hearing; take new testimony as needed; and enter a Judgment setting aside the Memorandum and Order of the hearing officer finding that he erred in his interpretation of IDEA, finding in favor of the Plaintiffs on all claims,

6

and further, awarding all costs incurred, including attorney fees. Further, Plaintiff prays for such further or additional relief as the Court deems just, equitable and proper in the premises.

Respectfully submitted,

G.J.W. and A.J.W., minors by and through their parents and next friends, AMOS S. WATKINS, JR. AND REBECCA WHITLEY WATKINS

BY: KIMBERLY SEAMSTER DUFFY,
ATTORNEY FOR PLAINTFFS

KIMBERLY SEAMSTER DUFFY,
MSB#6692

MISISISSIPPI CENTER FOR JUSTICE
GULF COAST OFFICE
963 Division Street
Biloxi, Mississippi 39530
Ph: (228)435-7284
Fax: (228)435-7285
kduffy@mscenterforjustice.org