IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMOS S. WATKINS, JR., et al.**                                                                          **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO. 4:12-CV-53-KS-MTP**

**QUITMAN SCHOOL DISTRICT, et al.**                                                       **DEFENDANTS**

### ORDER

Plaintiffs seek to introduce additional evidence not presented to the hearing officer in this IDEA case. Defendants – for various reasons – oppose the introduction of additional evidence. For the reasons stated below, the Court **grants** Plaintiffs' Motion for Leave [10, 11] to introduce additional evidence.

Defendants first contend that the introduction of additional evidence would subvert the purpose of the IDEA's administrative proceedings, turning the case into an "unrestricted trial de novo." The drafters of the IDEA had no fear that courts would wholly disregard the findings of the hearing officer upon receipt of additional evidence. The text of the relevant statute is unequivocal: "In any action brought under this paragraph, the court (i) shall receive the records of the administrative proceedings; (ii) s*hall hear additional evidence at the request of a party*; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added). Relevant Fifth Circuit precedent affirms the Court's plain reading of the statute. *Klein v. Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 395 (5th Cir. 2012) ("While the court must receive the record of

the administrative proceeding and give it due weight, it must also hear any additional evidence the parties present."). Furthermore, permitting IDEA plaintiffs to introduce additional evidence harmonizes with the Court's "virtually de novo" standard of review. *See Houston Indep. Sch. Dist. v. VP*, 582 F.3d 576, 582-83 (5th Cir. 2009) ("Although the district court must accord due weight to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence."); *Natchez-Adams Sch. Dist. v. Searing*, 918 F. Supp. 1028, 1032 (S.D. Miss. 1996).

Defendants also argue that the specific evidence which Plaintiffs seek to introduce is not probative of the issues raised in Plaintiffs' Complaint. If that is the case, introduction of the evidence will not prejudice Defendants. Regardless, Defendants will have an opportunity to address the evidence and argue its irrelevance. The Court is capable of hearing the parties' arguments, viewing all of the evidence, and making its own determinations regarding relevance and weight.

For the reasons stated above, the Court **grants** Plaintiffs' Motion for Leave [10, 11] to introduce additional evidence. Plaintiff may file the additional evidence under seal as a supplement to the administrative record.

SO ORDERED AND ADJUDGED this 11th day of March, 2013.

                                              *s/ Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE